All concurred, ROBSON and FOOTE, JJ., in a separate memo-
randum by ROBSON, J.

ROBSON, J. (dissenting):

I think the codicil at least operated as a revocation of the tes-
tamentary disposition made by the will to the extent of the
legacy bequeathed thereby. The codicil having been revoked
and the will not thereafter republished, testatrix died intestate
as to that part of her estate.

FOOTE, J., concurred.

. Defendants' exceptions sustained and motion for new trial
granted, with costs to plaintiff, and one bill of costs to defend-
ants in this court, and with costs in the court below to plaintiff,
and separate bills of costs to each party appearing by separate
attorney on the trial, all costs payable out of the estate.

----

HUGH J. O'BRIEN, Appellant, *v.* FEDERAL UNION SURETY
COMPANY, Respondent.

Fourth Department, July 9, 1912.

Principal and agent — contract appointing agent construed — right to
　exclusive territory — evidence — parol evidence to explain written
　contract — authority of agent — when offer to perform unnecessary.

A contract appointing an agent for the purpose of soliciting fidelity,
　surety and casualty business and stating that the agent's territory shall
　be a certain county is ambiguous as to whether it merely limited the
　territory within which the agent might do business, or whether it

appointed him sole agent in that territory.   Hence,, parol evidence is admissible to show the intent of the parties. ·

Where said contract entitled the agent to a commission on all bonds issued by the principal through him to holders of liquor tax certificates the contract should be construed to give him the sole right to solicit said business within the territory.

Where the principal bonded liquor tax certificate holders within said district through other parties and refused to allow the agent to write said bonds against his protest, it is not essential that the agent should have forwarded excise applications to the principal in order to put it in default before suing for a breach of the contract.   This because the law does not require the doing of a nugatory act.

McLENNAN, P. J., dissented.

APPEAL by the plaintiff, Hugh J. O'Brien, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 22d day of December, 1911, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day, denying the plaintiff's motion for a new trial made upon the minutes.

*George H. Harris* and *William J. Maloney,* for the appellant.

*C. D. Kiehel,* for the respondent.          ·

KRUSE, J.:

The defendant, a foreign surety company, appointed the plaintiff "its agent for the purpose of soliciting and securing fidelity, surety and casualty business to be written by it."   It was provided in the writing appointing him that "The Agent's territory shall be Monroe County, State of New York."   The agent agreed to abide by the rules and rates of the company in soliciting and handling the company's business, and the company reserved the right to reject any business offered to it by the agent, and agreed to supply the agent with all stationery incident to the conduct of the business.   The company agreed to pay the plaintiff on all surety, fidelity and casualty business secured by the agent twenty-five per cent of the premiums collected by him; and on all excise business written by the company through said agent he should be entitled to a commission of twenty per cent, the company reserving the right to discontinue the writing of excise business at any time it may so· elect.

During the time of the plaintiff's agency the defendant bonded liquor tax certificate holders within the county of

Monroe, but not through the plaintiff. It refused to put the plaintiff in a position to write those bonds, as was conceded on the trial, and that part of its business was done through another agency, against the protest and objection of the plaintiff.

The plaintiff claims that the understanding between himself and the defendant's representative, at the time of the execution of the written contract, was that the plaintiff was to be the sole agent of the defendant company in the county of Monroe during the life of the contract, and he so testified upon cross-examination on the trial of the action. That claim, I think, is fortified by the written correspondence between the plaintiff and the defendant's representatives.

Although such parol evidence was received, the trial court finally held that the contract was unambiguous and did not give the plaintiff the exclusive agency to do the business intrusted to him and directed a verdict for the defendant upon the counterclaim less the amount due the plaintiff upon business which he had actually done.

It is not urged that an independent collateral agreement may be shown and it seems to be tacitly conceded that the written contract must govern. Assuming that to be so, I think there is enough uncertainty and ambiguity in the meaning of the clause in the written contract that "the Agent's territory shall be Monroe County, State of New York," to admit parol evidence as to whether it was the purpose and intent of the parties thereby merely to limit the territory within which the plaintiff might do the business intrusted to him or whether it was intended as well to set aside a certain territory which should belong to the agent within which he should have the exclusive right to do that part of the defendant's business included within the terms of the contract. If that is so, it seems very clear that it was the intention to give to the plaintiff the exclusive right to such territory for the business so intrusted to him.

I am also of the opinion that the writing of excise bonds was included in the business intrusted by the defendant to the plaintiff under the terms of the contract. I do not think it was necessary, as the trial court seems to have held, that in order to put the defendant in default the plaintiff should have

forwarded the excise applications to the defendant in view of the position of the defendant that that part of the business was to be done through the State administrative committee and its refusal to recognize the plaintiff's right thereto. The law does not require the doing of a nugatory act.

I think the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except McLENNAN, P. J., who dissented upon the opinion of FOOTE, J., delivered at Trial Term. FOOTE, J., not sitting.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.